



U.S. Department of Justice

*United States Attorney*
*District of Maryland*
*Northern Division*

---

*Rod J. Rosenstein*
*United States Attorney*

*Judson T. Mihok*
*Assistant United States Attorney*

*36 South Charles Street*
*Fourth Floor*
*Baltimore, Maryland 21201*

*DIRECT: 410-209-4903*
*MAIN: 410-209-4800*
*FAX: 410-962-3091*
*TTY/TDD: 410-962-4462*
*Judson.Mihok@usdoj.gov*

August 21, 2013

Julie Johnson
Office of the Federal Public Defender
For the District of Maryland
100 South Charles Street
Tower II, Suite 1100
Baltimore, MD 21201

      Re:    Plea Agreement in the Case of
               <u>United States v. Laurence John Bode</u>, ELH 12-0158

Dear Ms. Johnson:

      This letter, together with the Sealed Supplement, confirms the plea agreement which has been offered to the Defendant by the United States Attorney's Office for the District of Maryland ("this Office"). If the Defendant accepts this offer, please have him execute it in the spaces provided below. If this offer has not been accepted by close of business on August 23, 2013, it will be deemed withdrawn.

      The terms of the agreement are as follows:

### Offense of Conviction

      1.    The Defendant agrees to waive indictment and plead guilty pursuant to an Information charging him with Receipt of Obscene Material, in violation of 18 U.S.C. § 1462. The Defendant admits that he is, in fact, guilty of that offense and will so advise the Court.

### Elements of the Offense

      2.    The elements of the offense to which the Defendant has agreed to plead guilty, and which this Office would prove if the case went to trial, are as follows:

    a. That on or about and between January 8, 2010 and October 8, 2010, in Maryland, the Defendant knowingly did take and receive from an interactive computer service any matter or thing, to wit, pictures and print;

    b. The defendant knew the pictures and print were obscene; and

    c. The pictures and print were obscene.

### Penalties

  3. The maximum sentence provided by statute for the offense to which your client is pleading guilty is not more than five (5) years, followed by a term of supervised release of not more than three years and a fine of $250,000. In addition, the Defendant must pay $100 as a special assessment pursuant to 18 U.S.C. § 3013, which will be due and should be paid at or before the time of sentencing. This Court may also order him to make restitution pursuant to 18 U.S.C. §§ 3663, 3663A, and 3664.[1] If a fine or restitution is imposed, it shall be payable immediately, unless, pursuant to 18 U.S.C. § 3572(d), the Court orders otherwise. The Defendant understands that if he serves a term of imprisonment, is released on supervised release, and then violates the conditions of his supervised release, his supervised release could be revoked - even on the last day of the term - and the Defendant could be returned to custody to serve another period of incarceration and a new term of supervised release. The Defendant understands that the Bureau of Prisons has sole discretion in designating the institution at which the Defendant will serve any term of imprisonment imposed.

### Waiver of Rights

  4. The Defendant understands that by entering into this agreement, he surrenders certain rights as outlined below:

    a. If the Defendant had persisted in his plea of not guilty, he would have had the right to a speedy jury trial with the close assistance of competent counsel. That trial could be conducted by a judge, without a jury, if the Defendant, this Office, and the Court all agreed.

    b. The Defendant has the right to have his case presented to a Grand Jury, which would decide whether there is probable cause to return an indictment against him. By agreeing to proceed by way of Information, he is giving up that right, and understands that the charges will be filed by the United States Attorney without the Grand Jury.

    c. If the Defendant elected a jury trial, the jury would be composed of twelve individuals selected from the community. Counsel and the Defendant would have the opportunity

---

[1] Pursuant to 18 U.S.C. § 3612, if the Court imposes a fine in excess of $2,500 that remains unpaid 15 days after it is imposed, the Defendant shall be charged interest on that fine, unless the Court modifies the interest payment in accordance with 18 U.S.C. § 3612(f)(3).

2

to challenge prospective jurors who demonstrated bias or who were otherwise unqualified, and would have the opportunity to strike a certain number of jurors peremptorily. All twelve jurors would have to agree unanimously before the Defendant could be found guilty of any count. The jury would be instructed that the Defendant was presumed to be innocent, and that presumption could be overcome only by proof beyond a reasonable doubt.

    d. If the Defendant went to trial, the government would have the burden of proving the Defendant guilty beyond a reasonable doubt. The Defendant would have the right to confront and cross-examine the government's witnesses. The Defendant would not have to present any defense witnesses or evidence whatsoever. If the Defendant wanted to call witnesses in his defense, however, he would have the subpoena power of the Court to compel the witnesses to attend.

    e. The Defendant would have the right to testify in his own defense if he so chose, and he would have the right to refuse to testify. If he chose not to testify, the Court could instruct the jury that they could not draw any adverse inference from his decision not to testify.

    f. If the Defendant were found guilty after a trial, he would have the right to appeal the verdict and the Court's pretrial and trial decisions on the admissibility of evidence to see if any errors were committed which would require a new trial or dismissal of the charges against him. By pleading guilty, the Defendant knowingly gives up the right to appeal the verdict and the Court's decisions.

    g. By pleading guilty, the Defendant will be giving up all of these rights, except the right, under the limited circumstances set forth in the "Waiver of Appeal" paragraph below, to appeal the sentence. By pleading guilty, the Defendant understands that he may have to answer the Court's questions both about the rights he is giving up and about the facts of his case. Any statements the Defendant makes during such a hearing would not be admissible against him during a trial except in a criminal proceeding for perjury or false statement.

    h. If the Court accepts the Defendant's plea of guilty, there will be no further trial or proceeding of any kind, and the Court will find him guilty.

    i. By pleading guilty, the Defendant will also be giving up certain valuable civil rights and may be subject to deportation or other loss of immigration status. The Defendant recognizes that if he is not a citizen of the United States, pleading guilty may have consequences with respect to his immigration status. Under federal law, conviction for a broad range of crimes can lead to adverse immigration consequences, including automatic removal from the United States. Removal and other immigration consequences are the subject of a separate proceeding, however, and the Defendant understands that no one, including his attorney or the Court, can predict with certainty the effect of a conviction on immigration status. The Defendant nevertheless affirms that he wants to plead guilty regardless of any potential immigration consequences.

3

## Advisory Sentencing Guidelines Apply

5. The Defendant understands that the Court will determine a sentencing guidelines range for this case (henceforth the "advisory guidelines range") pursuant to the Sentencing Reform Act of 1984 at 18 U.S.C. §§ 3551-3742 (excepting 18 U.S.C. §§ 3553(b)(1) and 3742(e)) and 28 U.S.C. §§ 991 through 998. The Defendant further understands that the Court will impose a sentence pursuant to the Sentencing Reform Act, as excised, and must take into account the advisory guidelines range in establishing a reasonable sentence.

## Factual and Advisory Guidelines Stipulation

6. This Office and the Defendant understand, agree and stipulate to the following Statement of Facts set forth in Attachment A hereto which this Office would prove beyond a reasonable doubt and to the following applicable sentencing guidelines factors:

   a. The base offense level is ten (10) pursuant to U.S.S.G. §2G3.1(a).

   b. Pursuant to U.S.S.G. §2G3.1(b)(1)(B), there is a five (5) level increase because the material was distributed for the receipt or the expectation of receipt of a thing of value.

   c. Pursuant to U.S.S.G. §2G3.1(b)(3), there is a two (2) level increase because the offense involved the use of a computer.

   d. This Office does not oppose a two-level reduction in the Defendant's adjusted offense level, based upon your client's apparent prompt recognition and affirmative acceptance of personal responsibility for his criminal conduct. This Office agrees to make a motion pursuant to U.S.S.G. §3E1.1(b) for an additional 1-level decrease in recognition of your client's acceptance of personal responsibility for his conduct. This Office may oppose *any* adjustment for acceptance of responsibility if your client (a) fails to admit each and every item in the factual stipulation; (b) denies involvement in the offense; (c) gives conflicting statements about his involvement in the offense; (d) is untruthful with the Court, this Office or the United States Probation Officer; (e) obstructs or attempts to obstruct justice prior to sentencing; (f) engages in any criminal conduct between the date of this agreement and the date of sentencing; or (g) attempts to withdraw his plea of guilty.

   Thus, the final anticipated base offense level is **14.**

7. The Defendant understands that there is no agreement as to his criminal history or criminal history category, and that his criminal history could alter his offense level if he is a career offender or if the instant offense was a part of a pattern of criminal conduct from which he derived a substantial portion of his income.

8. This Office and the Defendant agree that, with respect to the calculation of the advisory guidelines range, no other offense characteristics, sentencing guidelines factors,

4

potential departures or adjustments set forth in Chapters 2, 3, 4 or 5 of the United States Sentencing Guidelines (other than those stated in ¶ 6, supra) will be raised or are in dispute.

### Obligations of the United States Attorney's Office

9. At the time of sentencing, the United States Attorney's Office will recommend a sentence within the advisory Sentencing Guidelines range that takes into consideration the sentencing factors listed at 18 U.S.C. § 3553(a). The Government will also move to dismiss the charges pending in the Indictment.

10. The parties reserve the right to bring to the Court's attention at the time of sentencing, and the Court will be entitled to consider, all relevant information concerning the Defendant's background, character and conduct.

### Waiver of Appeal

11. In exchange for the concessions made by this Office and the Defendant in this plea agreement, this Office and the Defendant waive their rights to appeal as follows:

   a. The Defendant knowingly waives all right, pursuant to 28 U.S.C. § 1291 or otherwise, to appeal the Defendant's conviction;

   b. The Defendant and this Office knowingly waive all right, pursuant to 18 U.S.C. § 3742 or otherwise, to appeal whatever sentence is imposed (including the right to appeal any issues that relate to the establishment of the advisory guidelines range, the determination of the defendant's criminal history, the weighing of the sentencing factors, and the decision whether to impose and the calculation of any term of imprisonment, fine, order of forfeiture, order of restitution, and term or condition of supervised release), except as follows: (i) the Defendant reserves the right to appeal any term of imprisonment to the extent that it exceeds the Sentencing Guidelines range provided for at a base offense level 14, taking into consideration the Defendant's Criminal History Category; (ii) and this Office reserves the right to appeal any term of imprisonment to the extent that it is below the Sentencing Guidelines range provided for at a base offense level 14, taking into consideration the Defendant's Criminal History Category.

   c. Nothing in this agreement shall be construed to prevent the Defendant or this Office from invoking the provisions of Federal Rule of Criminal Procedure 35(a), or from appealing from any decision thereunder, should a sentence be imposed that resulted from arithmetical, technical, or other clear error.

   d. The Defendant waives any and all rights under the Freedom of Information Act relating to the investigation and prosecution of the above-captioned matter and agrees not to file any request for documents from this Office or any investigating agency.

### Forfeiture

12. The Defendant agrees to forfeit all right, title and interest in the property seized by law enforcement authorities from his residence on October 8, 2010. The Defendant further agrees to take whatever steps are necessary to pass clear title to the property to the United States or any State authority. Those items include, but are not limited to, a Gateway eMachine MFATXPNT, S/N: 0029925792, with accompanying hard disk drive. Forfeiture is sought pursuant to 18 U.S.C. § 1467.

### Obstruction or Other Violations of Law

13. The Defendant agrees that he will not commit any offense in violation of federal, state or local law between the date of this agreement and his sentencing in this case. In the event that the Defendant (i) engages in conduct after the date of this agreement which would justify a finding of obstruction of justice under U.S.S.G. § 3C1.1, or (ii) fails to accept personal responsibility for his conduct by failing to acknowledge his guilt to the probation officer who prepares the Presentence Report, (iii) moves to withdraw his guilty plea or (iv) commits any offense in violation of federal, state or local law, then this Office will be relieved of its obligations to the Defendant as reflected in this agreement. Specifically, this Office will be free to argue sentencing guidelines factors other than those stipulated in this agreement, and it will also be free to make sentencing recommendations other than those set out in this agreement. As with any alleged breach of this agreement, this Office will bear the burden of convincing the Court of the Defendant's obstructive or unlawful behavior and/or failure to acknowledge personal responsibility by a preponderance of the evidence. The Defendant acknowledges that he may not withdraw his guilty plea because this Office is relieved of its obligations under the agreement pursuant to this paragraph.

### Court Not a Party

14. The Defendant expressly understands that the Court is not a party to this agreement. In the federal system, the sentence to be imposed is within the sole discretion of the Court. In particular, the Defendant understands that neither the United States Probation Office nor the Court is bound by the stipulation set forth above, and that the Court will, with the aid of the Presentence Report, determine the facts relevant to sentencing. The Defendant understands that the Court cannot rely exclusively upon the stipulation in ascertaining the factors relevant to the determination of sentence. Rather, in determining the factual basis for the sentence, the Court will consider the stipulation, together with the results of the presentence investigation, and any other relevant information. The Defendant understands that the Court is under no obligation to accept this Office's recommendations, and the Court has the power to impose a sentence up to and including the statutory maximum stated above. The Defendant understands that if the Court ascertains factors different from those contained in the stipulation set forth above, or if the Court should impose any sentence up to the maximum established by statute, the Defendant cannot, for that reason alone, withdraw his guilty plea, and will remain bound to fulfill all of his obligations under this agreement. The Defendant understands that neither the prosecutor, his counsel, nor the Court can make a binding prediction, promise, or representation as to what guidelines range or sentence the Defendant will

receive. The Defendant agrees that no one has made such a binding prediction or promise.

### Entire Agreement

15. This letter supersedes any prior understandings, promises, or conditions between this Office and the Defendant and, together with the Sealed Supplement, constitutes the complete plea agreement in this case. The Defendant acknowledges that there are no other agreements, promises, undertakings or understandings between the Defendant and this Office other than those set forth in this letter and the Sealed Supplement and none will be entered into unless in writing and signed by all parties.

If the Defendant fully accepts each and every term and condition of this agreement, please sign and have the Defendant sign the original and return it to me promptly.

Very truly yours,

Rod J. Rosenstein
United States Attorney

By: _____
Judson T. Mihok
Assistant United States Attorney

I have read this agreement, including the Sealed Supplement, and carefully reviewed every part of it with my attorney. I understand it, and I voluntarily agree to it. Specifically, I have reviewed the Factual and Advisory Guidelines Stipulation with my attorney, and I do not wish to change any part of it. I am completely satisfied with the representation of my attorney.

8-22-2013                           Laurence John Bode
Date                                Laurence John Bode

I am Mr. Bode's attorney. I have carefully reviewed every part of this agreement, including the Sealed Supplement, with him. He advises me that he understands and accepts its terms. To my knowledge, his decision to enter into this agreement is an informed and voluntary one.

8/22/2013                           _____
Date                                Julie Johnson

**EXHIBIT A**
**STIPULATED FACTS**

*The undersigned parties hereby stipulate and agree that if this case had proceeded to trial, the government would have proven the following facts beyond a reasonable doubt. The undersigned parties also stipulate and agree that the following facts do not encompass all of the evidence that would have been presented had this matter proceeded to trial.*

Laurence John Bode (BODE), age 59, is a resident of Ocean City, Maryland.

BODE joined a website called "Free6" with an internet based chat room feature, which also facilitated the transfer of files through servers which were located in Massachusetts. In early 2010, BODE engaged in "chat" sessions with other members regarding sexual interests using the screen names "DadsHere" or "DadonCam." While law enforcement was only able to view what BODE had posted, examples of those messages include: "yes but not active to scared to act"; "you active or just thoughts"; "love the erotic pics"; "Don't we all but to scared"; "hi im larry"; "Hi im Larry in Maryland on the Water"; "you active or curious"; "thats me"; "im Larry in Maryland USA"; "admire from afar"; "I live on water see lots of young"; and "young dreaming but not active". Some of the screen names of individuals BODE was having these communications with include: "mom36whipsgirl11"; "DreamsOf-Incest"; "MomDau"; and "Mother31daughter10".

Between January 8, 2010, and October 8, 2010, BODE received a number of images of individuals that were obscene. An example of one of those files received by Bode depicted two unidentified females, one of whom appears to be a minor, in two pictures. The picture on the right shows an unidentified adult white female sitting on an unknown object. The adult female's torso is bare and her left breast is exposed. There is a white female who appears to be a minor sitting on the right side of the adult female's lap. The picture on the left shows the same adult female, who is wearing only knee-high white socks and white shoes, standing up. Next to her is the same female

1

who appears to be a minor wearing only knee-high white socks and brown sandals and who is using both of her hands to squeeze both exposed breasts of the other female. The two females are facing each other in this image.

This conduct resulted in a search warrant being executed at BODE's residence on October 8, 2010, led by agents from the Department of Homeland Security, Bureau of Immigration and Customs Enforcement (ICE). Pursuant to the search warrant, ICE agents seized and subsequently forensically examined the following (among other) items: a Gateway eMachine MFATXPNT, S/N: 0029925792, with accompanying hard disk drive. The hard disk drive contained approximately 29 visual depictions which were in thumbnail format, some of which depict minors in various states of undress and some of which depict them engaged in sexual activity. Forensic review of BODE's computer also recovered six stories that BODE accessed JB that discussed acts of incest, including sex between a mother and son and a father and daughter.

On October 8, 2010, BODE voluntarily agreed to an interview with HSI-ICE agents, and stated, in sum and substance, that he: was familiar with the website Free6 and acknowledged that he had joined the website and visited it; he acknowledged that he had seen and sent the images described above, which he acknowledged by initialing and dating; that he had sent the images in question so that others would be interested in communicating with him, thereby transmitting the images with the expectation of receiving a thing of value; and that he had received the images described above from various websites.

BODE received these images utilizing an interactive computer service, and did receive these images in interstate and foreign commerce. BODE knew the pictures and print were obscene matters and the pictures and print were, in fact, obscene.

2

I have read this statement of facts, and carefully reviewed it with my attorney. I acknowledge that it is true and correct.

_8-22-2013_
Date

_Laurence John Bode_ (signature)
Laurence John Bode

_8/22/2013_
Date

_Julie Johnson, Esq._ (signature)
Julie Johnson, Esq.

3